[Doc. No. 86]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ROBERT J. COSTA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF BURLINGTON, et al, <br><br> Defendants. | Civil No. 07-904 (JEI) |

**OPINION AND ORDER**

This matter is before the Court on plaintiffs' "Motion for Contempt and for Sanctions Against Defendant Burlington County for Failing to Comply with Court Orders Regarding 30(b)(6) Deposition" [Doc. No. 86]; and the Court having received defendant's response [Doc. No. 93]; and the Court having exercised its discretion to decide plaintiffs' motion without oral argument pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 37.1(b)(3); and good cause not existing to grant plaintiffs' motion; and for the reasons to be discussed, plaintiffs' motion is DENIED.

This case arises out of the death of Angel Powell Costa on March 3, 2005, while Powell was an inmate at the Burlington County Corrections and Work Release Center. Plaintiffs allege that Powell died by pneumonia caused by Methicillin Resistant Staphylococcus Aureus or "MRSA." See Plaintiffs' Motion ("Motion") at ¶1. [Doc. No. 86]. Plaintiffs filed this action on February 26, 2007.

Plaintiffs argue sanctions should be imposed because defendant did not comply with the Court's Order and direction regarding its Fed. R. Civ. P. 30(b)(6) deposition.  Plaintiffs addressed at defendant's 30(b)(6) deposition the identity of the corrections officers and supervisors who interacted with Powell in the weeks before her death.  Plaintiffs need this information to identify "John Doe" officers to add to their complaint.  To date plaintiffs deposed defendant's 30(b)(6) witness on two occasions.  Prior to the first deposition on November 28, 2007, the parties disputed whether defendant had a obligation to interview its current and former employees to properly prepare for the deposition.  On November 21 and 28, 2007, the Court issued Letter Orders [Doc. Nos. 55, 57] ruling that defendants had such a duty.  Since the Letter Orders were issued shortly before the scheduled 30(b)(6)deposition, defendant did not have sufficient time to conduct interviews before its witness was deposed.  Despite this knowledge, plaintiffs went ahead with the deposition and defendant produced Captain Cox as its designee.  Cox is the current Corrections Captain for Burlington County and has been employed by defendant for 17 years.  Defendant's Brief ("Db") at 4-5.  Plaintiffs re-noticed defendant's deposition for February 19, 2008. According to defendant, prior to the continued deposition plaintiffs' counsel agreed that the purpose of her questioning was "to determine which, if any, officers had substantive contact with Ms. Powell -- so that the

2

plaintiff's attorney could decide who to depose and who, if any, officers should be named as direct defendants."  See Db at 12. Defendant represents that its counsel spoke with plaintiff prior to the continued deposition and they agreed the goal of the 30(b)(6) deposition "was to determine which, in any, correction officers had any substantive contact with Ms. Powell ...." Db at 2.  Defendant produced Lt. Larkins as its second 30(b)(6) witness and his transcript consists of 186 pages.

Plaintiffs complain that defendant should be sanctioned because its 30(b)(6) witness was "evasive and unproductive."  See Motion at 2.  Plaintiffs complain that defendant did not interview all relevant individuals to prepare for the deposition, that it did not review relevant records, and that the interviews it conducted were inadequate.  In response, defendant argues that its 30(b)(6) witness conducted a diligent investigation and satisfied its legal duty.

In Harris v. New Jersey, C.A. 03-2002 (RBK), 2007 WL 2416429 (Aug. 21, 2007), this Court discussed the obligation of a party when responding to a Rule 30(b)(6) deposition notice.  The Court noted that Rule 30(b)(6) places the burden upon the deponent to "make a conscientious good faith endeavor to designate the persons having knowledge of the matters sought ... and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject

3

matters." Id. *2 (citation omitted). See also Black Horse Lane Assoc., L. P. v. Dow Chemical Corp., 228 F.3d 275, 303 (3d Cir. 2000). This Court further noted that the "duty of preparation goes beyond matters personally known to the designee or to matters in which the designee was personally involved, and if necessary the deponent must use documents, past employees or other sources to obtain responsive information." Harris, supra at *2 (citations omitted). In order to decide plaintiffs' motion the Court has reviewed the transcript of the February 19, 2008 deposition. After reviewing the transcript the Court finds that defendant satisfied its obligation to prepare and produce a responsive 30(b)(6) witness. The Court will therefore deny plaintiffs' motion.

The evidence demonstrates that defendant made a conscientious good faith effort to designate and prepare its 30(b)(6) witness. Before the February 19, 2008 deposition defendant proposed to plaintiffs' counsel that the parties jointly prepare a questionnaire that the officers could complete. According to defendants, "[t]his method would ensure that the officers would be asked for the information that the plaintiffs sought." Db at 11. Even though plaintiff did not prepare any questions, defendant prepared a written questionnaire for its correction officers to fill out so that its 30(b)(6) witness could be prepared to testify regarding their knowledge. In order to ensure that the questionnaire was effective, defendant used a "mug shot" photograph

4

of the decedent to review with each officer "in an attempt to jog their memory banks as to inmate Powell and ensure that there was a meeting of the minds as to identification as to inmate Powell." Id. at 12.  Further, as part of the questionnaire the corrections officers were asked to identify whether or not they knew of any other officer who they thought may have had  contact with the decedent. Id. at 12-13.  Not only did defendant arrange for its officers to fill out the questionnaire, but defendant also interviewed most of the relevant officers.  As to any current or former employees Lt. Larkin could not reach, he agreed to attempt to contact them after the deposition and request that they complete the questionnaire.  Db at 14.  Defendant's 30(b)(6) witness also reviewed the log book entries on the housing area where Powell was housed in order to identify the officers who had the most contact with the decedent.  Id. at 17.  These documents are the most likely written source of the information plaintiffs request since they provide "specific written detail as to the corrections officer on duty and the officer's duties ...." Id.

In addition to the foregoing, rather than obstructing discovery, defendant has acted in good faith to accommodate plaintiffs' requests for information.  First, defendant represents that it will permit plaintiffs to continue deposing its 30(b)(6) witness after it contacts all former employees and obtains a response.  Id. at 14.  Second, defendant represents that if its

5

former employees do not want its representation or do not speak with it, "then plaintiff has the right to do so." Id. at 15. Third, defendant will not object to individual depositions of its officers. Four, defendant will not object if plaintiffs seek to take more than ten (10) depositions.

As noted, this Court disagrees with plaintiffs' characterization of defendant's 30(b)(6) testimony.[1] The Court does not find that defendant's testimony was "evasive and unproductive." To the contrary, defendant's testimony was responsive, helpful and informative. This is evidenced by the fact that plaintiffs added twelve (12) individuals as named defendants when they filed their Amended Complaint on April 18, 2008. [Doc. No. 97]. It is disingenuous for plaintiffs to argue defendant's deposition was "unproductive" but yet based largely on the deposition testimony they were able to obtain sufficient information to join twelve (12) parties. Simply because defendant's witness could not answer every question posed to him

---

[1] Some of plaintiffs' inaccurate characterizations are as follows: "the County blatantly ignored this Court's orders concerning the 30(b)(6) deposition, producing yet another witness who was elusive and unprepared to testify...." (Motion at ¶9); "[t]he behavior of the county defendant smacks of deliberate obstinacy in an attempt to make the prosecution of this prison case prohibitively expensive" (Plaintiffs' Brief at 2); "it was clear that the way that Lt. Larkins sought the information was designed to illicit no response" (Motion at ¶15), and; "[i]t is clear that the County expected Larkins not to glean any information about the interactions between the officers and Ms. Costa, and that his pitiful preparation for the 30(b)(6) helped the County fulfill their expectation." (Id. at ¶16).

does not equate to the fact that defendant did not satisfy its obligation to prepare its 30(b)(6) witness. See Reichhold, Inc. v. United States Metals Refining Company, et al., Civ. No. 03-453 (DRD), 2007 WL 1428559, at *6-9 (D.N.J. May 10, 2007); Alexander v. Federal Bureau of Investigation, et al., 186 F.R.D. 137 (D.N.J. 1998)(inability of defendant's designee to answer all questions did not warrant redesignation of new witnesses or sanctions); Wilson v. Lakner, M.D., 228 F.R.D. 524, 528-29 n. 7 (D. Md. 2005)("[o]bviously a rule of reason applies. There is no obligation to produce witnesses who know every single fact, only those that are relevant and material to the incident or incidents that underlie the suit." Also stating, "absolute perfection in preparation is not required").

Plaintiffs misconstrue the purpose of defendant's 30(b)(6) deposition. The purpose of the deposition was to assist plaintiffs to narrow their list of officers who had significant contacts with the decedent so they could file their Amended Complaint. This purpose was accomplished. Defendant's 30(b)(6) deposition was not intended to be a substitute for taking the depositions of defendant's individual officers. It is simply impractical to expect defendant's 30(b)(6) witness to know the intimate details of numerous officers' contacts with the decedent. If plaintiffs want to know the details of numerous officers' contacts with the decedent, plaintiffs should take the officers' depositions. This

7

situation contrasts sharply with the Court's prior ruling which found that defendant's 30(b)(6) witness had to be prepared to narrow the list of officers who may have had meaningful contacts with the decedent before she died. The Court did not rule that a 30(b)(6) witness should be prepared to know the intimate details of each officer's contacts with the decedent.

Some of plaintiffs' complaints are illustrative of their unreasonable expectations. Certainly, defendant cannot be faulted for failing to interview former employees who are deployed in Iraq. (Db at 13). Defendant also cannot be faulted for not interviewing officers who refused to speak with it. Id. at 13-14. In addition, defendant cannot be faulted for failing to produce completed questionnaires that had not yet been returned. In fact, although plaintiff complains that defendant did not produce certain documents, defendant points out that plaintiffs did not request the documents. Db at 15.

Defendant argues as follows:

> It is respectfully submitted that defendants have complied with the 30(b)(6) deposition, which was undertaken with the purpose of enabling plaintiff's counsel to identify those corrections officers who are believed based upon their responses to have had contact with inmate Powell for the agreed-upon time frame in question. This task was performed in a logical methodology and which provided testimony in this regard as to the information reasonably available to the entity at this time. It is further respectfully submitted that monetary sanctions are wholly unjustified as to Defendants' conduct, as Defendants made a good faith attempt to comply with the Court's Order, particularly so based upon what we understood to be plaintiff's purpose

>    in taking the deposition, as set forth in the Certification of ... [plaintiff's counsel].

<u>Id</u>. at 23-24.  The Court finds that defendant's summary is an accurate summary of what occurred.

Accordingly, for all of the foregoing reasons, it is hereby ORDERED this 27th day of June, 2008, that plaintiffs' Motion for Sanctions is DENIED; and

IT IS FURTHER ORDERED that the Court will address at the next scheduling conference plaintiffs' request to take in excess of ten (10) depositions.

<u>s/Joel Schneider</u>　　　　　　  
JOEL SCHNEIDER  
United States Magistrate Judge
