```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


ROBERT J. COSTA, JR.,          :    HONORABLE JOSEPH E. IRENAS
                               :
     Plaintiff,                :    Civil Action No. 07-0904 (JEI)
                               :
     v.                        :
                               :         **OPINION**
COUNTY OF BURLINGTON, et al.   :
                               :
     Defendants.               :
                               :
                               :
                               :
```

**APPEARANCES:**

LAW OFFICES OF ANDREW F. SCHNEIDER
By: Andrew F. Schneider, Esq.
101 Mechanics Street
Doylestown, PA 18901
     and
SILVER & SPERLING
By: Martha Sperling, Esq.
148 East State Street
Doylestown, PA 18901
     Counsel for Plaintiff

CAPEHART & SCATCHARD, P.A.
By: Michelle L. Corea, Esq.
8000 Midlantic Drive, Suite 300
Mount Laurel, NJ 08054
     Counsel for Defendants County of Burlington and
     Warden Juel Cole

**IRENAS**, Senior District Judge:

     This is an action by Plaintiff Robert J. Costa, Jr. under 42 U.S.C. § 1983 and state law.  Plaintiff brings this action both individually and in his capacity as administrator for the estate of Angel Lee Powell-Costa, deceased.  The complaint alleges

various forms of misconduct by Defendants resulting in Ms. Powell-Costa's death via illness while incarcerated.

Presently before the Court is Plaintiff's appeal from the decisions of Magistrate Judge Joel Schneider as to the scope of discovery and attorney access to potential inmate-witnesses. For the reasons stated herein, the Court will deny Plaintiff's appeal insofar as it concerns discovery of medical grievances and dismiss the remainder of the appeal as improperly presented.

## I.

The Court will review the facts and procedural history only to the extent necessary to resolve the issues presented on this appeal. This action was initiated by Plaintiff individually and on behalf of the estate of Angel Lee Powell-Costa. Plaintiff claims violations of 42 U.S.C. § 1983 and state law by a litany of defendants including the County of Burlington and Warden Juel Cole of the Burlington County Corrections and Work Release Center ("BCWRC"). The complaint's § 1983 counts allege the withholding of necessary medical treatment from Ms. Powell-Costa in violation of the Eighth Amendment prohibition against cruel and unusual punishment and the Fourteenth Amendment's Due Process and Equal Protection guarantees.

As alleged by Plaintiff, Powell-Costa was an inmate at BCWRC from January 2005 until her death on March 3, 2005. Plaintiff avers that Powell-Costa contracted Methicillin-resistant

Staphylococcus aureus ("MRSA") during her incarceration at BCWRC and ultimately died as a result of MRSA-related pneumonia. According to Plaintiff, prison administrators, corrections officers, physicians, nurses, social workers, and other actors all contributed to Ms. Powell-Costa's death via their various actions.

Although multifaceted, Plaintiff's claims against all of the Defendants share factual underpinnings.  First, Plaintiff claims that the decedent was denied necessary medical care despite visible MRSA symptoms and her repeated requests for treatment. Plaintiff contends that other inmates exhibiting MRSA symptoms were likewise deprived of medical treatment.  He also alleges that Defendants failed to take appropriate precautions to prevent the spread of MRSA from other inmates to Ms. Powell-Costa. Finally, Plaintiff argues that BCWRC was generally unclean and unsanitary and thus provided a breeding ground for MRSA bacteria.

The extent to which Plaintiff is permitted to obtain documents regarding inmates' and officers' medical histories is of particular concern on this appeal.  Initially, Defendants were required to produce information including but not limited to the following: (1) the names and contact information for all of Ms. Powell-Costa's cellmates at BCWRC; (2) the names and contact information of all BCWRC inmates who suffered skin infections or were diagnosed with MRSA; and (3) the initials of all BCWRC

correctional officers who suffered skin infections or were diagnosed with MRSA.[1] (Dkt. No. 44 at ¶¶ 2, 3.) At an unspecified point thereafter, the scope of discovery was expanded to require Defendants to produce all inmates' grievances and officers' incident reports pertaining to MRSA or similar skin infections. (*See* Pl. Mot. at ¶ 3; Def. Br. at 1; Tr. at 35:14-25; 42:5-14, Aug. 22, 2008.)

During the telephonic conference on August 22, 2008, Plaintiff sought to further broaden the scope of discovery to include inmates' grievances about medical care generally. (Tr. at 38:4-9.) Judge Schneider denied Plaintiff's request as overbroad and disproportionate to the relevant issues. (*Id.* at 40:25-41:24.)

At one point during the conference, Plaintiff began a line of argument apparently intended to culminate with a request for discovery of inmate grievances concerning the lack of cleanliness at BCWRC. (*See id.* at 39:11-22.) However, Judge Schneider asked Plaintiff to defer discussion of prison conditions until after the unsettled issues relating to medical care grievances were discussed. (*Id.* at 39:23-40:1.) Plaintiff agreed to do so. (*Id.* at 40:2-3.)

After ruling on the issue of medical grievances, Judge

---

[1] The production requirement was limited to information pertaining to the time period from September 2003 to March 2005. (Dkt. No. 44 at ¶¶ 2, 3.)

Schneider asked Plaintiff whether any other types of documents needed to be addressed. (*Id.* at 43:3-7.) Plaintiff responded that there was nothing further for the attention of the Magistrate Judge. (*Id.* at 43:8-9.) On appeal, Plaintiff contends that Judge Schneider "refus[ed] to allow the plaintiffs any [access to] grievances concerning general conditions of confinement." (Pl. Mot. at ¶ 3.)

Also during the conference, Plaintiff raised a concern to Judge Schneider regarding his attorneys' ability to interview Burlington County inmates as potential witnesses. (Tr. at 10:24-11:1.) According to Plaintiff, the prison is obstructing his attorneys' efforts to visit those inmates. (*See id.* at 11:7-9.) Judge Schneider responded that the issue was not before him and advised Plaintiff to seek a resolution by contacting the prison directly. (*Id.* at 11:2-6; 11:12-17.) In the alternative, Judge Schneider expressly invited Plaintiff to file a formal motion regarding access to inmates. (*Id.* at 11:10-12; 11:17-19.) On appeal, Plaintiff claims Judge Schneider erred by "den[ying] Plaintiffs' request" for the desired access to inmates. (Pl. Mot. at ¶ 8.)

## II.

As a general proposition, a District Court is empowered to alter a magistrate judge's pretrial ruling if the decision was "clearly erroneous or contrary to law." 28 U.S.C. §

636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c).[2]  It follows that a "magistrate judge's findings should not be rejected even if a reviewing court could have decided the issue differently."  *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994).

### III.

This Court interprets Plaintiff's appeal as alleging three distinct errors by Judge Schneider.  First, Plaintiff argues that the scope of discoverable medical documents was erroneously restricted.  (Pl. Mot. at ¶¶ 3, 4.)  Second, he claims that Judge Schneider improperly denied discovery of inmates' grievances concerning general conditions of confinement.  (*Id.*)  Finally, he contends that the Magistrate Judge wrongfully denied Plaintiff's counsel appropriate access to visit and interview Burlington County inmates.  (*Id.* at ¶ 8.)

### A.

The first allegation of error is that Judge Schneider improperly restricted the scope of discovery to only medical complaints citing MRSA or similar skin maladies, as opposed to documents concerning medical care at large.  According to Plaintiff, the Eighth Amendment requires a "totality of the circumstances" inquiry that looks to all conditions of the

---

[2] Particular deference is accorded to magistrate judges on discovery issues.  *See, e.g.*, *Boody v. Twp. of Cherry Hill*, 997 F.Supp. 562, 573 (D.N.J. 1997).

decedent's confinement. (Pl. Br. at 1.) For that reason, he contends that inmates' grievances relating to medical care, irrespective of the affliction, are relevant to his § 1983 causes of action. (*Id.* at 1-2.) Plaintiff also intends to use the desired grievances to prove that a custom or "polic[y] of indifference" to inmates' health prevailed among BCWRC administrators. (*Id.*)

   The scope of discovery in federal courts is generally governed by Federal Rule of Civil Procedure 26, which permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[,]" subject to court ordered limitations. Fed. R. Civ. P. 26(b)(1). Information need not be admissible at trial to be deemed relevant in this context, rather, discovery should be permitted when it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* At the same time, courts are obligated to limit the scope of discovery when it would be "unreasonably cumulative or duplicative" or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i),(iii).

   To determine whether the desired discovery is relevant to

7

Plaintiff's § 1983 claims, the Court will review the legal standards governing when deprivation of medical treatment violates the federal Constitution. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *see Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To establish a violation of the Eighth Amendment, an inmate must demonstrate that (1) objectively viewed, his medical need was sufficiently serious and (2) subjectively viewed, the defendant acted with deliberate indifference to his plight. *Goodrich v. Clinton County Prison*, 214 F.App'x 105, 110 (3d Cir. 2007) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)). Deliberate indifference is understood to lie "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Thomas v. Dragovich*, 142 F.App'x 33, 36 (3d Cir. 2005) (quoting *Farmer*, 511 U.S. at 836).

In this case, Plaintiff's requested discovery of medical complaints is directed towards proving the subjective culpability of BCWRC officials. The Third Circuit has articulated a number of factual scenarios that constitute deliberate indifference on the part of prison officials. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citing *Monmouth County Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326 (3d Cir. 1987)

(*MCCII*)).  One such circumstance is when "prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate to undue suffering or the threat of tangible residual injury[.]" *Id.* (quoting *MCCII*, 834 F.2d at 346) (internal quotation marks omitted).  A second is when "knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care[.]" *Id.* (quoting *MCCII*, 834 F.2d at 346) (first alteration in original).  Deliberate indifference is also found when "prison officials erect arbitrary and burdensome procedures that result[ ] in interminable delays and outright denials of medical care to suffering inmates[]" or "prevent an inmate from receiving recommended treatment for serious medical needs or deny access to [a] physician capable of evaluating the need for such treatment." *MCCII*, 834 F.2d at 346 (first alteration in original) (internal quotation marks omitted).

The foregoing legal principles demonstrate that medical treatment (or lack thereof) provided to inmates other than the decedent can be probative of the subjective culpability of prison officials.  Likely for that reason, Judge Schneider has already authorized discovery of all inmates' grievances and officers' reports pertaining to MRSA or similar skin disorders.

The record before Judge Schneider indicated that at least ten, and possibly as many as seventy, BCWRC inmates and guards

9

suffered from MRSA or similar disorders during the pertinent time period.[3]  (*See* Tr. at 41:15-18.)  He was within his discretion to conclude that discovery of documents concerning those inmates and officers would provide evidence to establish deliberate indifference to MRSA on the part of prison officials, if such culpability is present.  (*See id.* at 41:12-14.)

At the same time, Judge Schneider acted reasonably by refusing to broaden the scope of discovery to include the entire panoply of inmates' medical grievances.  That broad class of complaints would encompass everything from cuts and headaches to cancer and sexually transmitted diseases.  Such discovery, if granted, would be expansive in scope, intrusive in nature, and minimally probative as to the pertinent issue–-namely, whether BCWRC officials exhibited deliberate indifference to the decedent's MRSA.  It was neither contrary to law nor clearly erroneous for Judge Schneider to deny Plaintiff's request for discovery of those medical grievances wholly unrelated to MRSA.[4]

---

[3] Plaintiff most recently placed this number at forty-two.  (Pl. Reply Br. at 2.)

[4] Plaintiff alleges that Ms. Powell-Costa was "both a pretrial detainee and a sentenced prisoner" while at BCWRC, without specifying when and for how long she was a pretrial detainee.  (*See* Second Amended Compl., Dkt. No. 97, at ¶ 18.)  Pretrial detainees in state custody are afforded Constitutional protection against inadequate medical care by the Fourteenth Amendment, not the Eighth Amendment.  *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243-45 (1983).  Inadequate medical treatment violates a pretrial detainee's due process rights if it "amount[s] to punishment prior to an adjudication of guilt[.]"  *Montgomery v. Ray*, 145 F.App'x 738, 740 (3d Cir. 2005) (citing *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005) (*Hubbard I*)).  The due

10

**B.**

As indicated above, this Court is authorized to reconsider the determinations of magistrate judges.  However, merely raising a concern before a magistrate judge is not a sufficient predicate to trigger the availability of district court review.  Instead, the magistrate judge must actually rule on the disputed issue.

Thus, a Utah district court refused to analyze the merits of an appeal from a magistrate judge's purported ruling regarding attorney-client privilege when "[h]aving reviewed the Order and the record before it, the [district court could not] find that

---

process inquiry considers "whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.  Absent a showing of an expressed intent to punish on the part of the detention facility officials, that determination generally will turn on whether [the disability has] an alternative purpose . . . and whether it appears excessive in relation to [that] purpose." *Hubbard v. Taylor*, 538 F.3d 229, 232 (3d Cir. 2008) (*Hubbard II*) (quoting *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)) (internal quotation marks omitted) (alterations in original).

Plaintiff alleges violations of both the Eighth and Fourteenth Amendments.  (*See* Second Amended Compl. at ¶¶ 40-65.)  It is unclear whether Plaintiff is invoking the Fourteenth Amendment as an independent source of Constitutional protection or if he is merely noting the well-settled principle of incorporation, whereby the Eighth Amendment is applicable to state actors via the Fourteenth Amendment.  *See, e.g.*, *Robinson v. California*, 370 U.S. 660, 666-67 (1962).  Pursuant to Supreme Court authority, "the due process rights of a [pre-trial detainee] are *at least* as great as the Eighth Amendment protections available to a convicted prisoner." *Hubbard I*, 399 F.3d at 166 (quoting *City of Revere*, 463 U.S. at 244) (alteration in original).

Plaintiff argued to Judge Schneider on August 22 that the desired medical documents are relevant to prove deliberate indifference on the part of prison officials, not that the documents are relevant to prove Ms. Powell-Costa was denied medical treatment for the purpose of punishing her.  (*See* Tr. at 38:13-39:10.)  His briefs on this appeal likewise advance only Eighth Amendment theories of relevancy.  In the absence of any indication that Plaintiff has raised Fourteenth Amendment arguments in support of his discovery request, the Court will not consider whether the desired medical documents would be discoverable to prove an intent to punish Ms. Powell-Costa.

11

the Magistrate Judge made such a ruling." *In re Nature's Sunshine Prods. Sec. Litig.*, No. 2:06-267, 2008 WL 4442151, at *1 (D. Utah Sep. 23, 2008). Likewise, a Louisiana district court remanded the portion of a plaintiff's appeal from a magistrate judge's discovery order that was not previously decided by the magistrate judge. *Mendoza v. City of New Orleans*, Nos. 06-3040, 07-2231, 2007 WL 1655671, at *2 (E.D. La. Jun. 1, 2007).

In this case, Plaintiff claims that Judge Schneider improperly refused to permit discovery of grievances concerning general conditions of confinement, particularly those complaints concerning cleanliness of the facility. Contrary to Plaintiff's characterization, Judge Schneider never ruled on this request during the August 22 conference.[5] That day, Plaintiff raised the issue briefly but neither meaningful discussion nor a ruling followed. (*See* Tr. at 39:18-40:3; 43:3-13.) As such, there is no ruling for this Court to review.

Plaintiff's final allegation of error is the constriction of his attorneys' ability to access Burlington County inmates to conduct interviews. He contends that Judge Schneider denied his request for visitation via an August 22, 2008 verbal order.

---

[5] It might be suggested that Judge Schneider issued a ruling defining the scope of all discoverable grievances via the following remark: "The Court is not going to change its rulings regarding the scope of the grievances and the guard[s'] incident reports that have to be produced. What other category of documents do we need to deal with, Ms. Sperling, on this complaint?" (Tr. at 43:3-7.) In context, however, it is apparent that Judge Schneider's remark referred to the scope of grievances relating to medical care, not grievances at large. (*See id.* at 39:23-43:7.)

12

It is clear from the August 22 transcript that Judge Schneider did not consider Plaintiff's visitation request on its merits, let alone rule in favor of either party.  That day, as on this appeal, Plaintiff requested visitation with Burlington County inmates on terms mandated by the judiciary.  (*See id.* at 11:7-9.)  Judge Schneider declined to evaluate that request, instead explaining that the issue was not presently before him.  (*Id.* at 11:10-14.)  However, Judge Schneider invited Plaintiff to file a formal motion regarding inmate visitation.  (*Id.* at 11:17-19.)

There is no indication that Plaintiff pursued the desired access to inmates via motion as instructed.  Instead, it appears that Plaintiff ignored the directive of Judge Schneider by immediately seeking district court review.  In the absence of a ruling from Judge Schneider, there is nothing for this Court to review.

**IV.**

For the foregoing reasons, Plaintiff's appeal from the proceedings before Judge Joel Schneider on August 22, 2008 is denied insofar as it relates to the scope of discoverable medical

13

grievances and dismissed in all other respects.  The Court will issue an appropriate Order.

Dated:  November   5th  , 2008

                                  s/ Joseph E. Irenas  
                                  **JOSEPH E. IRENAS, S.U.S.D.J.**