```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ROBERT J. COSTA, Jr., Individually, and as Administrator Ad Prosequendum for the Estate of Angel Lee Powell-Costa, Deceased, and on behalf of Decedent's Heirs at Law and Next of Kin,<br><br>          Plaintiff,<br><br>     v.<br><br>COUNTY OF BURLINGTON, et al.<br><br>          Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>Civil Action No. 07-0904 (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

LAW OFFICES OF ANDREW F. SCHNEIDER
By:  Andrew F. Schneider, Esq.
101 Mechanics Street
Doylestown, PA 18901
     and
SILVER & SPERLING
By:  Martha Sperling, Esq.
148 East State Street
Doylestown, PA 18901
     Counsel for Plaintiff

CAPEHART & SCATCHARD, P.A.
By:  Michelle L. Corea, Esq.
8000 Midlantic Drive, Suite 300
Mount Laurel, NJ 08054
     Counsel for Defendants County of Burlington and
     Warden Juel Cole

**IRENAS**, Senior District Judge:

     This is an action by Plaintiff Robert J. Costa, Jr. ("Plaintiff") under 42 U.S.C. § 1983 and state law.  Presently

before the Court is Plaintiff's appeal from the January 22, 2009, decision by Magistrate Judge Joel Schneider as to the scope of discovery.  For the reasons stated herein, the Court will affirm Judge Schneider's ruling.[1]

## I.

The Court will review the facts and procedural history only insofar as pertinent to the current appeal.  Plaintiff brings this action individually and as administrator for the estate of Angel Lee Powell-Costa ("Costa"), deceased.  As alleged by Plaintiff, Costa was an inmate at the Burlington County Corrections and Work Release Center ("BCWRC") from January, 2005, until her death on March 3, 2005.  Plaintiff claims that Costa contracted Methicillin-resistant Staphylococcus aureus ("MRSA") during her incarceration at BCWRC, and ultimately died as a result of MRSA-related pneumonia.

Plaintiff alleges multiple violations of 42 U.S.C. § 1983 and state law by a variety of defendants connected to Costa's treatment while incarcerated.  The sole count relevant to the current appeal is Plaintiff's claim that Costa was subjected to conditions of confinement that constituted cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.  (Amended Complaint (Second)

---

[1] The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.  Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

¶¶ 40-51)  In the proceedings before Judge Schneider, Plaintiff sought discovery of "all incident reports and inmate grievances concerning the physical conditions in [BCWRC]."[2]  (Pl. Ltr. Br., Jan. 9, 2009, at 5)

In support of his discovery request, Plaintiff listed eleven prison conditions for which he had already "discovered information which supports an 8th Amendment violation[.]"[3]  (Id. at 1)  However, Plaintiff did not limit his discovery request to those eleven issues, in light of the possibility that "conditions may have been complained about by either the officers or the inmates outside of those that [he had] uncovered."  (Id.)

Judge Schneider denied Plaintiff's discovery request via a letter order dated January 22, 2009.  *Costa v. County of Burlington*, No. 07-904 (D.N.J. Jan. 22, 2009).  As context for his decision, Judge Schneider reviewed the forms of discovery that Plaintiff was already authorized to conduct.  First, discovery had been granted of all "documents that directly pertain to Costa" including documents concerning "(1) Costa; (2) the cells in which Costa was held; (3) Costa's cellmates; and (4) MRSA and/or skin infections."  (Id. at 2)  In addition,

---

[2] Plaintiff's request was limited to documents filed between September, 2003, and March, 2005.  (Pl. Br. 1)

[3] Plaintiff captioned those issues as: (1) Overcrowding; (2) Supplies and Necessities; (3) Ventilation and Air Quality; (4) Leaking Roof; (5) Dirty Showers; (6) Failure to Clean; (7) The kitchen and food were unacceptable; (8) Raw Sewage; (9) Heat and Hot Water; (10) No Communication Devices; and (11) Dirty Clinic.  (Pl. Ltr. Br., Jan. 9, 2009, at 1-5)

Defendants were previously instructed to produce inspection reports documenting conditions at BCWRC during the relevant time period. (Id.) Finally, Judge Schneider noted that Plaintiff had been, or would be, taking depositions of inmates and corrections officers familiar with conditions at BCWRC. (Id.)

Judge Schneider evaluated Plaintiff's request under the parameters of Fed. R. Civ. P. 26(b), and concluded that the request was overbroad and unnecessary. (Id.) He explained that "general complaints regarding defendants' prison without any nexus to Costa are irrelevant, or marginally relevant at best." (Id. at 2-3) Based on those findings, Judge Schneider exercised his discretion to deny Plaintiff's discovery request. (Id. at 3)

Plaintiff now appeals Judge Schneider's ruling.

## II.

As a general proposition, a District Court is empowered to alter a magistrate judge's pretrial ruling if the decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c).[4] It follows that a "magistrate judge's findings should not be rejected even if a reviewing court could have decided the issue differently." *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994).

---

[4] Particular deference is accorded to magistrate judges' decisions regarding discovery issues. *See, e.g.*, *Boody v. Twp. of Cherry Hill*, 997 F.Supp. 562, 573 (D.N.J. 1997).

4

**III.**

The scope of discovery in federal courts is generally governed by Federal Rule of Civil Procedure 26, which permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[,]" subject to court ordered limitations.  Fed. R. Civ. P. 26(b)(1). Information need not be admissible at trial to be deemed relevant in this context, rather, discovery should be permitted when it "appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

At the same time, courts are obligated to limit the frequency or extent of otherwise permissible discovery when it would be "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]"  Fed. R. Civ. P. 26(b)(2)(C)(i).  Likewise, discovery must be limited when "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[.]" Fed. R. Civ. P. 26(b)(2)(C)(ii).  Finally, discovery should not be permitted when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C)(iii).

Plaintiff claims the desired discovery is relevant to his claim that Costa was subjected to conditions of confinement that violated the Constitutional prohibition against cruel and unusual punishment.[5]  To establish that Costa's conditions of confinement violated the Eighth Amendment, Plaintiff must demonstrate that she was deprived of "the minimal civilized measure of life's necessities" and that prison officials acted with "deliberate indifference" to her plight.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Panton v. Nash*, No. 07-4840, 2009 WL 624047, at *1 (3d Cir. Mar. 12, 2009).

According to Plaintiff, Judge Schneider committed clear error by not authorizing discovery of all inmates' grievances and officers' reports concerning conditions of confinement at BCWRC.  In particular, Plaintiff argues that the desired documents are necessary to identify the conditions "where Ms. Costa ate, played cards, showered, visited the clinic, came throughout the holding

---

[5] Plaintiff alleges that Costa was "both a pretrial detainee and a sentenced prisoner" while at BCWRC, without specifying when and for how long she was a pretrial detainee.  (Amended Complaint (Second) ¶ 18)  When a pretrial detainee challenges prison conditions of confinement as unconstitutional, the issue presented is "whether there has been a violation of the Due Process Clause of the Fourteenth Amendment."  *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008).  The due process inquiry is whether the complained of conditions of confinement "amount to punishment of the detainee."  *Id.*  (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).  That determination turns on "whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose."  *Id.* at 232 (quoting *Bell*, 441 U.S. at 538-39).
    Although Count I of Plaintiff's operative complaint alleges violations of the Eighth and Fourteenth Amendments, Plaintiff has not argued, in his letters to Judge Schneider or presently, that the desired documents are discoverable to prove a purpose to punish Costa.  Thus, the Court will not consider whether they would be discoverable on that basis.

area, [and in] . . . the kitchen where her food was prepared."
(Pl. Br. 3)

The Court disagrees, and finds no basis to disturb Judge Schneider's ruling.  Plaintiff has been granted discovery of all documents directly pertaining to Costa's conditions of confinement, regardless of authorship.  *See Costa v. County of Burlington*, No. 07-904 (D.N.J. Jan. 22, 2009) ("Documents prepared by others that concern Costa's conditions of confinement are relevant[].")  Discovery has also been authorized as to documents regarding Costa's cellmates and the conditions in her cell.

Judge Schneider's decision does not prevent Plaintiff from obtaining evidence about conditions at BCWRC generally.  As documented in Plaintiff's January 9 and January 16 letters to Judge Schneider, he has successfully obtained a variety of evidence concerning the living conditions at BCWRC via depositions, written statements, and the reports of outside agencies.  Plaintiff has adduced no basis for this Court to set aside Judge Schneider's determination that the requested discovery merely duplicates the information available from these other sources.[6]

---

[6] Plaintiff argues that the desired discovery is superior to the available discovery because "an incident report filed by an officer may have more weight than the testimony of a convict." (Pl. Br. 5) The Court rejects the implication that Judge Schneider's ruling forces Plaintiff to rely on inmates' testimony as his primary source of discovery. As outlined in Plaintiff's January 16 letter to Judge Schneider, he has deposed numerous

Finally, Plaintiff has indicated his goal of identifying heretofore unknown conditions of confinement at BCWRC via this discovery request.  (See Pl. Ltr. Br., Jan. 9, 2009 ("I don't know what conditions may have been complained about by either the officers or the inmates outside of those that I have uncovered."); Pl. Br. 5 ("Perhaps there were many more issues than these . . . ."))  Judge Schneider was within his discretion to conclude that a sweeping survey of grievances and complaints, in hopes of locating relevant information, did not meet the requirements of Federal Rule of Civil Procedure 26.

### IV.

For the reasons stated above, Judge Joel Schneider's ruling of January 22, 2009, was neither clearly erroneous nor contrary to law.  Hence, that decision will be affirmed.  The Court will issue an appropriate order.


Dated:  April   1st  , 2009


                                        s/ Joseph E. Irenas
                                    **JOSEPH E. IRENAS, S.U.S.D.J.**

---

prison officials and corrections officers about general conditions of confinement at BCWRC, and gleaned a variety of information from those depositions.  In addition, all documents directly pertaining to Costa, her cellmates, her cell, MRSA, and skin infections are discoverable—including, but not limited to, officers' incident reports.